

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-26-00119-CR

_____

ALAN KENNETH WILSON, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR17050

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

Appellant Alan Kenneth Wilson attempts to appeal his February 12, 2026 conviction for aggravated sexual assault of a child. *See* Tex. Penal Code Ann. § 22.021. Because Wilson did not file a motion for new trial, his notice of appeal was due March 16, 2026. *See* Tex. R. App. P. 26.2(a)(1). Wilson's notice of appeal, however, was not filed until April 6, 2026.[1]

On April 10, 2026, we notified Wilson of our concern that we lack jurisdiction over this appeal because his notice of appeal was not timely filed. We warned Wilson that unless he or any party desiring to continue the appeal filed a response by April 20, 2026, showing grounds for continuing the appeal, we could dismiss it for want of jurisdiction. *See* Tex. R. App. P. 44.3. On April 23, 2026, Wilson filed in our court a "Motion to Extend Time to File Notice of Appeal," requesting that we extend the time to file his appeal to April 6, 2026.[2] Other than that motion, we received no response to our jurisdiction letter.

---

[1]On April 2, 2026—seventeen days after his notice of appeal was due—Wilson filed in the trial court a "Motion to Extend Time to File Notice of Appeal." That motion incorrectly stated that Wilson's notice of appeal was due February 23, 2025. It also mistakenly stated that Wilson's "Deferred Probation was revoked" and that the trial court had assessed a twenty-year sentence. The judgment, however, reveals that this was not a revocation case and that Wilson received an eighty-five-year sentence.

[2]In that motion, Wilson incorrectly stated that his notice of appeal was due March 12, 2026, and he mistakenly noted that the trial court had assessed a sixty-year sentence.

2

A timely notice of appeal is essential to vest this court with jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996). We may extend the jurisdictional deadline if a notice of appeal is filed in the trial court within fifteen days of its due date, and within that same period, the appellant also files a motion for extension of time complying with Texas Rule of Appellate Procedure 10.5(b). *See* Tex. R. App. P. 26.3; *Olivo*, 918 S.W.2d at 522; *see also* Tex. R. App. P. 10.5(b). Here, Wilson filed two motions to extend the time to file his notice of appeal—one in the trial court on April 2, 2026, and another in our court on April 23, 2026. Both motions were untimely because they were filed more than fifteen days after Wilson's notice of appeal was due. *See* Tex. R. App. P. 26.3; *Olivo*, 918 S.W.2d at 522.

Because Wilson's notice of appeal and his motions for extension were untimely, we deny Wilson's motions and dismiss his appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Olivo*, 918 S.W.2d at 522–23; *Sias v. State*, No. 02-25-00085-CR, 2025 WL 1085199, at *1 (Tex. App.—Fort Worth Apr. 10, 2025, no pet.) (mem. op., not designated for publication) (denying untimely motion for extension to file notice of appeal and dismissing appeal for want of jurisdiction because of untimely notice of appeal); *Szabo v. State*, No. 01-17-00024-CR, 2017 WL 1149210, at *1 (Tex. App.—Houston [1st Dist.] Mar. 28, 2017, no pet.) (per curiam) (mem. op., not designated for publication) (same).

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  April 30, 2026